1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7             **FOR THE DISTRICT OF ARIZONA**
8
9  Ronald Wolfson,                           No. CV-17-08258-PCT-GMS
10            Plaintiff,                      **ORDER SETTING RULE 16 CASE**
                                             **MANAGEMENT CONFERENCE**
11  v.
12  Bayview Loan Servicing LLC, et al.,
13            Defendants.
14

15        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management
16  Conference is set for **February 1, 2018 at 10:45 a.m.** in Courtroom 602, Sandra Day
17  O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-
18  2151.   In preparation for this Case Management Conference, it is hereby ordered as
19  follows:
20  A.      Rule 26(f) Meeting and Case Management Report.
21        The parties are directed to meet and confer at least 10 days before the Case
22  Management Conference as required by Federal Rule of Civil Procedure 26(f).  At this
23  meeting the parties shall develop a joint Case Management Report which contains the
24  information called for in section B below.
25  B.      Mandatory Initial Discovery Pilot Project.
26        The Court is participating in the Mandatory Initial Discovery Pilot Project
27  ("MIDP").  The MIDP was approved by the Judicial Conference of the United States and
28  has been implemented in this District by General Order 17-08.  The MIDP applies to all

civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), and cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation.  The discovery obligations in the MIDP supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery.  Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out.  Thus, if your case was filed after May 1, 2017, and does not fall within one of the exceptions identified above, you must comply with the discovery obligation of the MIDP.  You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP.  Resources related to the MIDP are available on the Court's website at www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot.

C.      Joint Case Management Report.

The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1.      The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

2.      A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.      A short statement of the nature of the case (3 pages or less);

4.      The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

---

[1]If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.  *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).  The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell

5.      Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

6.      A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);

7.      A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8.      Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;

9.      The status of related cases pending before other courts or other judges of this Court;

10.      A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));

11.      A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));

12.      A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;

13.      A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference.  If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.

---

on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

14.     A discussion of necessary discovery.   This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:

a.     The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

b.     Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

c.     The number of hours permitted for each deposition.   The parties should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants.   Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.

15.     A statement of when the parties served their MIDP discovery responses;

16.     Proposed specific dates for each of the following (**deadlines should fall on a Friday unless impracticable**):

a.     A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP;[2]

b.     Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

c.     A deadline for completion of all expert depositions;

d.     A date by which the parties shall have engaged in face-to-face good faith settlement talks;

e.     A deadline for filing dispositive motions.

_____

[2]General Order 17-08 should be reviewed carefully.   It requires parties to timely supplement their MIDP responses as new information is discovered.   Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions.   Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

17.     Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

18.     The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

19.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties shall jointly file the Case Management Report with the Clerk **not less than seven days** before the Case Management Conference.  It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the joint Case Management Report.  Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

D.     <u>Case Management Order</u>.

The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause.

As a result of the Case Management Conference, the Court will enter a Case Management Order.  The form of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures.  The Court fully intends to enforce the deadlines in the Case Management Order.  The parties should plan their litigation activities accordingly.

E.     <u>Other Matters</u>.

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery.  The parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1 and 7.2.  In addition, in all filings,

- 5 -

citations in support of any assertion in the text shall be included in the text, not in footnotes.  The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

Dated this 5th day of December, 2017.

Honorable G. Murray Snow
United States District Judge