Kim R. Lepore, Esq. (AZ Bar #019130)
klepore@zbslaw.com
Joseph J. Tirello, Esq. (AZ Bar #033371)
jtirello@zbslaw.com
**ZIEVE, BRODNAX & STEELE, LLP**
3550 North Central Avenue, Suite 625
Phoenix, AZ 85012
Phone: (602) 282-6188
Attorneys for Defendants Bayview Loan Servicing, LLC and The Bank Of New York
Mellon fka The Bank Of New York, As Trustee For The Certificateholders Of The
CWALT, Inc., Alternative Loan Trust 2007-17CB Mortgage Pass-Through Certificates,
Series 2007-17CB

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Wolfson, | Case No. CV-17-8258-PCT-DWL |
| Plaintiff, | |
| vs. | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| Bayview Loan Servicing, LLC and The Bank Of New York Mellon fka The Bank Of New York, As Trustee For The Certificateholders Of The CWALT, Inc., Alternative Loan Trust 2007-17CB Mortgage Pass-Through Certificates, Series 2007-17CB, | |
| Defendants. | |

Defendants Bayview Loan Servicing, LLC ("Bayview") and The Bank Of New York
Mellon fka The Bank Of New York, As Trustee For The Certificateholders Of The CWALT,
Inc., Alternative Loan Trust 2007-17CB Mortgage Pass-Through Certificates, Series 2007-
17CB ("BONYM") (collectively, "Defendants"), hereby submits this reply to Plaintiff's
Response in Opposition to Motion for Summary Judgment (the "Opposition").

Plaintiff fails to dispute the facts and law in Defendants' Motion for Summary
Judgment (the "Motion"). Instead, Plaintiff again relies on unsupported conclusions.

/././

/././

1. **The Requests for Admission were Deemed Admitted, and the Matters therein Conclusively Established.**

Plaintiff argues that the requests for admission propounded on him were not deemed admitted because he eventually and untimely provided responses to those requests. Rule 36(a)(3) is very clear that unless answers or objections to requests for admission are served to the requesting party within 30 days of service, the "matter is admitted." And, once admitted, the matter is conclusively established. See, Rule 36(b). Rule 36 does <u>not</u> say that a matter is not admitted if the responding party serves answers or objections 30 days **after** they were due, even if the parties do not agree to an extension, and if the responding party does not think the requesting party was prejudiced. The rule puts the burden on Plaintiff to file a motion asking the Court to withdraw the admissions. Plaintiff was put on notice **one year ago** that the requests were deemed admitted yet Plaintiff did nothing. Defendants refers this Court to its Opposition to Plaintiff's Motion to Withdraw and Amend Rule 36 Responses for Defendants' complete briefing on this issue.

2. **Res Judicata Bars in this Action.**

Plaintiff claims that res judicata does not apply because this case concerns new claims that occurred after the prior litigation was concluded and because this case involves new defendants. Plaintiff specifically states that the false recording claims in the prior litigation were based on the documents recorded in 2010, which includes the Assignment of Deed of Trust assigning the Deed of Trust to BONYM, and not the "later-recorded 2012 Assignment and 2017 Substitution of Trustee and Notice of Trustee Sale at issue here." Doc. 56 at p. 10, lines 11-13.  However, Plaintiff is challenging BONYM's standing and authority to foreclose on the Subject Property, which is based on the Assignment that the Court of Appeals has already ruled was valid.

Plaintiff also alleges that the 2012 Assignment, 2017 Substitution of Trustee and 2017 Notice of Trustee's Sale are "false, misleading, contained material misstatements or false claims or were otherwise invalid" because "[t]he assignor *lacked an interest to transfer*, the nominee of the assignor lacked authority to the extent its principal *lacked authority to*

*transfer* a valid interest in 2012. Doc. 56 at p. 13, lines 9-13. Again, the false recording claims are all premises on the alleged invalid assignment of the Deed of Trust from MERS to BONYM.

As explained in the Motion, the 2012 Assignment had no effect on title because MERS had already transferred the beneficial interest in the Deed of Trust to BONYM in the 2010 Assignment.  See, Doc. 55 at p. 92, ¶11. Thus, MERS no longer had an interest in the Deed of Trust to assign in 2012. Further, because the Court of Appeals has already ruled that the 2010 Assignment was valid, and the debt is owed to BONYM, BONYM absolutely has standing and authority to foreclose on the Subject Property. *Id*. Additionally, because the assignment was valid, the Substitution of Trustee and Notice of Trustee's Sale are not false and do not contain misstatements or claims.  Plaintiff's repeated challenge to BONYM's standing and authority to foreclose is barred by res judicata.

Plaintiff also alleges that this case involves new defendants.  Specifically, Plaintiff argues that defendants are asserting Plaintiff's claims are barred by res judicata from "a lawsuit in which Defendants were not parties." See, Doc. 56 at p. 9, line 8. Plaintiff also states that "Bayview was not a party [to the prior litigation], nor was Bank of New York Mellon." See, Doc. 56 at 10, lines 9-10; *See also*, Doc. 56 at p. 11, lines 11 and 14.  **These statements are not true.**  Bank of New York Mellon or BONYM <u>was</u> a party to the prior litigation. The Court of Appeals' Memorandum Decision clearly shows that Bank of New York Mellon was a Defendant/Appellee. See, Doc. 55 at p. 88.

Furthermore, Plaintiff admits that servicing of the loan transferred from Bank of America to Bayview during the appeal. See, Doc. 56 at p. 7. Because Bayview is the successor in interest to Bank of America's interest in the loan that is the subject of this lawsuit, privity exists between Bayview and Bank of America. See, *Headwaters Inc. v  U.S. Forest Serv*., 399 F.3d 1047, 1053 (9th Cir. 2005) (noting that privity exists when two parties have "transferred rights with respect to a particular legal interest.").

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**3.** **Bayview Responded to Plaintiff's Written Requests and Not with Misrepresentations.**

Plaintiff alleges that Bayview failed to adequately respond to alleged qualified written requests and misrepresented its authority to foreclose on a "discharged" debt. Plaintiff admits, however, in the First Amended Complaint and in the Opposition, that Bayview responded to his letters and even to his consumer complaint to the Arizona Attorney General. Simply because Plaintiff disagrees with the responses or does not understand the responses or the law, does not mean that the responses were inadequate or contained misrepresentations.

Most of Plaintiff's allegations in this regard relate to his confusion of the effects of a bankruptcy discharge. A bankruptcy discharge merely relieves the debtor from personal liability on the note, but the lender may still foreclose on the lien evidenced by the security instrument. "A creditor's lien stays with the property until the foreclosure." *Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S. Ct. 773, 778 (1992). *See also, Long v. Bullard*, 117 U.S. 617, 620-621, 6 S.Ct. 917, 918 (1886) (holding that a discharge in bankruptcy does not release real estate of the debtor from the lien of the mortgage created by him before the bankruptcy.); *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").

Despite this long-standing case law, in his Opposition, Plaintiff put in bold type certain language in Bayview's responsive letters that he claims is evidence that Bayview wrote false information to Plaintiff about his loan being discharged. See, Doc. 56 at p. 7, lines 9-10 and 16-29 and p. 8, lines 3, 11 and 14. One of those bolded sentences actually explains how Bayview may proceed with foreclosure despite the bankruptcy discharge: "Although Mr. Wolfson may no longer have personal liability on the Note, the property is still subject to the lien of the security instrument and is subject to foreclose if unpaid." Doc. 56 at p. 7, lines 17-19. This is an absolutely true statement of law.

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1        Bayview undisputedly responded to Plaintiff's requests. Further, Bayview's responses

2 did not contain fraudulent misrepresentations. Bayview corrected acknowledged that the debt

3 had been discharged in bankruptcy, but also correctly stated that it was still entitled to

4 foreclose on the Deed of Trust. Plaintiff has failed to provide any evidence that Bayview

5 made any misrepresentations, much less fraudulent misrepresentations.

6        Finally, Plaintiff's attempt to introduce new evidence in his Opposition is improper.

7 "In deciding a motion for summary judgment, the trial court considers 'those portions of the

8 verified pleadings, deposition, answers to interrogatories and admissions on file which are

9 brought to the court's attention by the parties.' *Tilley v. Delci*, 220 Ariz. 233, 236, 204 P.3d

10 1082, 1085 (Ct. App. 2009) (quoting, *Choisser v. State ex rel. Herman*, 12 Ariz.App. 259,

11 261, 469 P.2d 493, 495 (1970)). Here, Plaintiff attached two letters to his Opposition

12 (Exhibits M and N) that he failed to attach to his First Amended Complaint. Plaintiff also

13 failed to file an affidavit to support these letters.

14        Plaintiff alleges that Exhibit M is a "letter on Bayview letterhead" and is an attempt *by*

15 *Bayview* to collect a debt. Doc. 56 at p. 16, line 23 and p. 15, line 20. Exhibit M is a debt

16 validation notice sent to Plaintiff from the foreclosure trustee, <u>not</u> Bayview, and it is <u>not</u> on

17 Bayview's letterhead. See, Doc. 56 at p. 118. Thus, it is not evidence of an attempt to collect

18 a debt by Bayview. Exhibit N is six pages of a 27-page unsigned letter that Plaintiff allegedly

19 sent to Bayview. Doc. 56 at. P. 120-125.  First, Plaintiff alleges that "Defendants did not

20 perform a reasonable investigation of the errors." Doc. 56 at p. 17, lines 3-4. Thus, Plaintiff

21 admits that Defendants responded, but fails to provide a copy of the response so this Court

22 cannot determine whether the response was adequate.  Second, in the unsigned letter,

23 Plaintiff states that he has sent multiple qualified written requests because he believes the

24 loan was "paid off and therefore neither [Bayview] nor [BONYM] nor CWALT 2007-17CB

25 TRUST has any standing to foreclose." Doc. 56 at p. 121. Loan servicers are not required to

26 provide responses to duplicative requests. Moreover, Plaintiff already had two Courts issue

27 opinions stating that the debt is owed to BONYM before he sent Exhibit N and the other

28

1  alleged qualified written requests after the Court of Appeals' decision. Therefore, the request
2  for debt validation was duplicative and harassing.

3  **4.     There is No Evidence of Acceleration.**

4       Once again, Plaintiff states incorrect and conclusory statements. Plaintiff cannot create
5  disputed issues of facts by making up false facts and false statements allegedly made by
6  Defendants.

7       In his Opposition, he states that Bayview acknowledged in a letter to the Office of the
8  Arizona Attorney General that the loan had been accelerated by the prior servicer, Bank of
9  America, in 2010. Doc. 56 at p. 2. **This is a false statement.** That letter does not say
10  anything about the loan being accelerated at all! The only mention of 2010 is the statement
11  that "[a]fter Mr. Wolfson's loan was discharged, a foreclosure referral started on November
12  18, 2010." See, Doc. 33-1 at p. 25. This is not an acceleration and certainly not an
13  acknowledgment of an acceleration.

14       Plaintiff also incorrectly alleges that on July 7, 2017, BONYM claimed to be the
15  creditor owed on an entire "accelerated balance" of $272,000. See, Doc. 56 at p. 8, lines 13-
16  14. **This is also a false statement.** The referenced letter does not mention the word
17  "accelerated" at all. See, Doc. 56 at p. 118.

18       Plaintiff further incorrectly alleges that Bank of American sent an "acceleration letter"
19  stating that the full amount of the loan would be "automatically accelerated" unless all past
20  due payments were made. Doc. 56 at p. 5, line 25-p.6, line 1. **This is not true.** The letter is
21  entitled "Notice of Intent to Accelerate." It is not an acceleration letter. You do not send a
22  notice of *intent* to do something if they are actually doing that something by sending that
23  letter. Further, the letter does not state that the loan would be "automatically accelerated."
24  The letter merely states that the mortgage payments will be accelerated, and foreclosure
25  proceedings will be initiated. However, Plaintiff has not presented any admissible evidence
26  that the loan was actually accelerated or that he received a letter stating Defendants were
27  accelerating the loan.  In fact, Plaintiff admits that the 30-day notice of default, as required by
28

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1  paragraph 22 of the Deed of Trust, was not sent to Plaintiff.  This is further evidence that

2  Defendants did not take an affirmative act to accelerate the Loan.

3       **5.**     **Plaintiff Failed to Address Breach of Contract and Payment/Satisfaction.**

4       Plaintiff fails to address Defendants' Motion for Summary Judgment as to Plaintiff's

5  Count for Breach of Contract and Payment/Satisfaction.  Plaintiff merely states that

6  "Bayview relies on deemed admissions."  This is not true. Defendants argue in their Motion

7  that Plaintiff's Count Four for Breach of Contract and Payment/Satisfaction is entirely based

8  on wild conclusions and speculation. Defendants also presented evidence that the loan was

9  not, in fact, paid off as Plaintiff alleges. See, Doc. 55 at p. 15.

10       "If a party fails to property support an assertion of fact or fails to properly address

11  another party's assertion of fact as required by Rule 56(c), the court may … consider the fact

12  undisputed for purposes of the motion…." Rule 56(e). Because Plaintiff failed to address

13  Defendants' Motion for Summary Judgment as to Plaintiff's Count for Breach of Contract

14  and Payment/Satisfaction, this Court should consider the fact undisputed.

15  **CONCLUSION**

16       For the foregoing reasons, Defendants respectfully request that this Court enter

17  summary judgment in their favor and against Plaintiff. In the alternative, Defendants request

18  that this Court enter partial summary judgment, as appropriate, in their favor and against

19  Plaintiff.  Defendants also request an award of their reasonable attorney's fees and costs

20  incurred in defending this action.

21       **DATED** this 12th day of March, 2019.

22       **ZIEVE, BRODNAX & STEELE, LLP**

23

24       */s/ Joseph J. Tirello*
     JOSEPH J. TIRELLO
     *Attorneys for Defendants*

25

26

27

28

File # 17003357     **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on the date stated above, a copy of the foregoing has been

3 transmitted electronically to the CM-ECF filing system for filing and transmittal along

4 with copies transmitted to the following parties via the CM-ECD system.

5

6 COPY mailed this same day to:

7 Beth Findsen, Esq,
  The Law Offices of Beth K. Findsen, PLLC
8 7279 East Adobe Drive, suite D-120
  Scottsdale, AZ 85255
9 Counsel for Plaintiff

10

11 */s/ Courtney Perry*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT